FILED
United States Court of Appeals
Tenth Circuit

**March 5, 2012**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EFRAIN MEDINA-TALAMANTES,

Defendant-Appellant.

No. 11-8066
(D.C. No. 2:10-CR-00263-ABJ-13)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **O'BRIEN** and **HOLMES**, Circuit Judges.

Efrain Medina-Talamantes pleaded guilty to conspiracy to possess with the intent to distribute, and to distribute, methamphetamine in violation of 21 U.S.C. §§ 846 & 841(a)(1), (b)(1)(B). His plea agreement included a waiver of the right to appeal his sentence. Despite the waiver, Mr. Medina-Talamantes has filed an

---

[*]    This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal seeking to challenge his sentence.[1] The government has moved to enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). Mr. Medina-Talamantes, through counsel, represents that he "does not object to the motion for enforcement of [the] plea agreement. Counsel was advised that [Mr. Medina-Talamantes] does not wish to pursue his appeal any further and does not object to the dismissal of the appeal with prejudice." Resp. at 1.

Although we are not required to address a *Hahn* factor that the defendant does not contest, *see United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005), we have independently confirmed that: (1) this appeal is within the scope of Mr. Medina-Talamantes appellate waiver; (2) he knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver would not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325.

The motion to enforce the plea agreement is GRANTED and this appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM

---

[1] Mr. Medina-Talamantes also attempts to appeal from the district court's denial of his motion to reopen his conviction, but as the government points out, there is no record of any such motion having been filed.